UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:26-cr-00124-SEB-KMB |
| | ) | |
| HENRY SIMMONS, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER DISCUSSING REMOVAL AND DIRECTING REMAND**

For the reasons explained in this Order, the action must be **remanded** to the Marion

County Superior Court.

**Discussion**

1.      Henry Simmons, the defendant in the state court criminal case docketed as No.

49D32-2410-F1-028430, filed a notice of removal of that action to this court.[1]

2.      It is difficult for the Court to parse Mr. Simmons's legal argument for removal.

The language of his filing has the hallmarks of sovereign citizen arguments that have been

soundly rejected as frivolous by the Seventh Circuit and other courts. *United States v. Benabe*,

654 F.3d 753, 767 (7th Cir. 2011) (sovereign citizen theories "should be rejected summarily,

---

[1] A review of the state court's online docket reveals that a jury trial is set for August 3, 2026. *State v. Simmons*, 49D32-2410-F1-028430, available online at mycase.in.gov.

The Court also notes that the notice of removal appears to have been written and mailed by Michael Cable, although signed by Mr. Simmons. Mr. Cable recently attempted to remove his own criminal cases to this Court using nearly identical language as used in Mr. Simmons's filing. *See Cable v. State*, 1:26-cv-01278-TWP-MJD, dkt. 1, and *Cable v. State*, 1:26-cv-01279-SEB-KMB, dkt. 1. Earlier this year, Mr. Cable was warned that he may be sanctioned with a filing ban if he continues to file frivolous cases. *See Cable v. Seufert*, 1:26-cv-00120-JPH-MJD, dkt. 6 at 3. He is again warned that he could also be sanctioned with a filing ban if the Court determines that he has made filings on the behalf of others without their consent. Mr. Cable is not an attorney and is not permitted to make filings on behalf of someone else.

however they are presented"). He seems to contend that state criminal cases are fraudulent and criminal because they somehow involve impersonation of U.S. citizens:

> Now, since impersonating a U.S. citizen is criminal; then these accounts (STATE Cases) are set up through fraud with pretense that people will "pledge substance" for the "pronominal term." This assumptive acknowledgement of our identity by foreign agents, sets the criteria for "unlawful procurement of citizenship." This "criminal intent" is grounds for removal.

Dkt. 1 at 2 (emphasis removed). Other words and phrases lack clarity and/or legal meaning.

3.      A notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1455(b)(2). Pursuant to 28 U.S.C. § 1455(b)(4), "[t]he United States district court in which [a] notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

4.      Pursuant to 28 U.S.C. § 1443, a criminal action commenced in a State court may be removed by a defendant to the district court if it is an action:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; [or]

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

5.      For removal to be proper under 28 U.S.C. § 1443(1), a defendant must show that (1) the right denied arises under federal law providing for specific civil rights stated in terms of racial equality, and (2) the state courts will deny or not enforce those specified federal rights. *See Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). Section 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal rights." *Application of County Collector of Winnebago, Ill.,* 96 F.3d at 897.

6.      Section 1443(1) is applicable only in a very narrow set of circumstances. *Greenwood v. Peacock,* 384 U.S. 808, 828-29 (1966). Mr. Simmons's case does not fit into those circumstances. Thus, he cannot proceed with his attempted removal under § 1443(1). Furthermore, he is not a federal officer or agent, and thus cannot rely on § 1443(2) to support removal of the prosecution. *Will Cnty. v. Johnson*, 2010 WL 780385 (N.D. Ill. Mar. 4, 2010).

7.      Mr. Simmons's rationale for removal does not remotely fit within either of the subsections of § 1443, and the Court is not authorized to apply the removal statute beyond the specific manner in which it is written. *Application of County Collector of County of Winnebago, Ill.,* 96 F.3d 890, 895 (7th Cir. 1996) ("Removal jurisdiction is . . . completely statutory, and [the court] cannot construe jurisdictional statutes any broader than their language will bear.") (citing *Cook v. Weber,* 698 F.2d 907, 909 (7th Cir. 1983)).

### Conclusion

Despite his claims to the contrary, Mr. Simmons has identified no legally cognizable basis for removal of his state criminal prosecution. *See Johnson,* 421 U.S. at 219–22. This action is therefore **REMANDED** to the Marion County Superior Court. As required by 28 U.S.C. § 1447(c), **the Clerk shall mail a certified copy** of this remand order to the Marion Superior Court Clerk at the address shown in the distribution list below.

IT IS SO ORDERED.

Date:   6/30/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

HENRY SIMMONS
729436
MARION COUNTY JAIL
MARION COUNTY JAIL
ADC Mail Room
695 Justice Way
Indianapolis, IN 46203